# LAW OFFICE OF MOHAMMED GANGAT
**(718) 669-0714 ✦ 675 3rd Ave, Ste 1810, NY, NY 10017 ✦ mgangat@gangatpllc.com**

<u>VIA ECF</u>  July 19, 2018
Hon. Ronnie Abrams, U.S.D.J
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

  RE: <u>*Sanchez v. Cherry Lane Partners, LLC et al.*, No. 18-cv-02806-RA</u>

To the Honorable Judge Abrams:

  I am counsel for plaintiff Luis Sanchez ("Plaintiff") in the above-referenced action (the "Action") and submit this letter jointly with defendants Cherry Lane Partners, LLC, Carlos Revelo, William Padilla, Jeffrey Lavino, and Victor Osorio ("Defendants") seeking the Court's approval of the settlement in this action, as per Your Honor's Order and the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

  The Action is a proposed collective action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and other amounts due Plaintiff as a result of Defendants' alleged violations of wage-and-hour law.

  As set forth more fully in Plaintiff's complaint, Defendants allegedly denied Plaintiff wages due under the FLSA and NYLL for unpaid minimum wage, unpaid overtime and unpaid spread of hours pay. Plaintiff promptly served Rule 26 disclosures, which included Plaintiff's calculation of unpaid wage in the amount of approximately $10,049. A *bona fide* dispute arose when Defendants appeared in this action and disputed whether Plaintiff worked all of the hours alleged. Defendants assert that Plaintiff worked fewer hours than alleged. Furthermore, some of the Defendants asserted that their liability as employer under the FLSA or NYLL was in dispute.

  The parties engaged in negotiations through counsel, including the exchange of documentary evidence. After several rounds of negotiation, the parties arrived at a compromise figure of $19,750 to resolve all claims, including attorney's fees and costs.

  The parties' agreement to resolve this Action (the "Agreement") that is being submitted to Your Honor for approval is in line with the mandate from *Cheeks*. (A copy of the Agreement is attached hereto as **Exhibit A**.) Keeping in line with the trend in this Circuit following *Cheeks*, the Agreement contains a limited release, that applies only to wage-related claims arising before Plaintiff signed the Settlement Agreement.

  Plaintiff's attorneys' fees are also reasonable. Under the Agreement, counsel for the Plaintiff will recover $5,850 in fees and $1,400 in costs. These amounts are more than reasonable in light of the 16.5 hours of attorney time that went into achieving the settlement, and the expense incurred in serving the fourteen named defendants in this action. (A copy of the retainer agreement and contemporaneous time records for the attorney's representation is attached hereto as **Exhibit B**.)

Most importantly, and unlike the settlement agreement at issue in *Cheeks*, the Agreement is available to Your Honor to explore and to assess whether it was likely the fair result of a balanced negotiation, in which Plaintiff was represented by able counsel.

A FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Cheeks*, *supra*; *Wolinsky v. Scholastic, Inc.* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.*, No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008). Although the FLSA places "limits on an employee's ability to waive claims . . . for fear that employers would otherwise coerce employees into settlement and waiver," *Wolinsky*, 900 F. Supp. 2d at 332, 335 (S.D.N.Y. 2012), "these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here." *Cisneros v. Schnipper Restaurant LLC*, 2014 U.S. Dist. LEXIS 2111, *3 (S.D.N.Y. Jan. 8, 2014).

Here, there is no question that the settlement did not come about because of "overreaching" by the alleged employer. To the contrary, the settlement was the result of vigorous arm's-length negotiations occurring over many months, involving counsel and the exchange of documentary evidence. The parties' counsel are experienced and well-versed in wage and hour law and duly counseled their respective clients on the benefits and risks of continued litigation. As explained above, the settlement represents nearly complete recovery of actual unpaid wages under Plaintiff's theory of liability and Plaintiff's damages calculation. Settlement at this stage of the case for this amount unquestionably constitutes the most efficient and effective conclusion to this litigation for all parties.

As demonstrated above, the settlement that the parties seek joint approval from this honorable Court is a result of substantial negotiations spanning several months and consists of fair and reasonable compromise by both parties given the risks and costs associated with continued litigation and trial. The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the Agreement.

We appreciate Your Honor's attention to this matter.

    Respectfully submitted,
    */s/ Mohammed Gangat*
    Mohammed Gangat

cc: All counsel of record (via ECF)