# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- X

LUIS SANCHEZ, on behalf of himself     :     Civil Action No. 18-2806
and others similarly situated,         .
                                       :
            Plaintiff,                 :
- against -                            :
                                       :
VIDA CAFE INC. d/b/a MAMAJU \NA        :
CAFÉ; CHERRY LANE PARTNE ⌐.
LLC; BABALU LLC; CULTURAS              :
FIESTA CORPORATION; VIDA               :
MEADOWLANDS LIMITED                    :
LIABILITY COMPANY; LITTLES             :
ENTERPRISE LIMITED LIABILITY           :
COMPANY; 177 RESTAURANT LLC;           :
CARLOS REVELO; WILLIAM                 :
PADILLA; JEFFREY LAVINO;               :
VICTOR J. OSORIO; CARMEN               :
SUSANA OSORIO; OSCAR                   :
MONEGRO; PEDRO GOICO; JAMES            :
ARCE; JOVANKY DE LOS SANTOS;           :
MIGUELINA ARCE; and ALEXIS             :
RODRIGUEZ                              :
                                       :
            Defendants                 :
---------------------------------------------------- X

## NEGOTIATED SETTLEMENT AGREEMENT & RELEASE

This Negotiated Settlement Agreement and Release ("Agreement") is made by and between, on the one hand, VIDA CAFE INC. d/b/a MAMAJUANA CAFÉ; CHERRY LANE PARTNERS, LLC; BABALU LLC; CULTURAS FIESTA CORPORATION; VIDA MEADOWLANDS LIMITED LIABILITY COMPANY; LITTLES ENTERPRISE LIMITED LIABILITY COMPANY; 177 RESTAURANT LLC; CARLOS REVELO; WILLIAM PADILLA; JEFFREY LAVINO; VICTOR J. OSORIO; CARMEN SUSANA OSORIO; OSCAR MONEGRO; PEDRO GOICO; JAMES ARCE; JOVANKY DE LOS SANTOS; MIGUELINA ARCE; and ALEXIS RODRIGUEZ (collectively, the "Defendants"), each on their own behalf and on behalf of their affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities and companies, predecessors, successors and assigns, and their past and present owners, principals, shareholders, partners, members, officers, directors, trustees, employees, attorneys, insurers, representatives, fiduciaries and agents in their individual and/or representative capacities (collectively, the "Defendants"), and, on the other hand, LUIS SANCHEZ ("Plaintiff" or "Employee") on his own behalf and on behalf of his heirs, executors, administrators, successors and assigns (Plaintiff and Defendants are hereinafter

collectively referred to as the "Parties").

**WHEREAS**, Defendants and Plaintiff are parties to a lawsuit filed in the United States District Court, Southern District of New York, styled *Sanchez v. Vida Café, Inc.., et al.,* bearing Case No. 18 CV 2806. (the "Civil Action");

**WHEREAS**, in the Civil Action, Plaintiff has asserted, among others, claims under the Fair Labor Standards Act and New York State Labor Laws seeking: unpaid minimum wage, unpaid overtime wages, spread-of-hours pay, statutory damages, attorneys' fees and costs, and interest, and statutory damages for Defendants' purported failure to provide Plaintiff with wage statements and wage notices pursuant to New York Labor Law §195 (together with all other claims Plaintiff has asserted or could assert relating to the payment of wages and benefits (the "Wage and Hour Claims"));

**WHEREAS**, Defendants Cherry Lane Partners, LLC, Babalu LLC, Carlos Revelo, William Padilla, Jeffrey Lavino and Victor Osorio have appeared in the Civil Action (the "Appearing Defendants");

**WHEREAS**, the Appearing Defendants deny the allegations in Plaintiff's Complaint filed in the Civil Action, deny engaging in any wrongdoing whatsoever, and deny that they were or are liable or owe any wages, damages, monies or obligations to Plaintiff with respect to the allegations or causes of action asserted in the Civil Action;

**WHEREAS**, during the course of this litigation, a material dispute has arisen regarding Plaintiff's Wage and Hour Claims;

**WHEREAS**, Plaintiff represents, warrants and acknowledges that there are *bona fide* disputes between Plaintiff and Appearing Defendants as to whether Plaintiff is entitled to receive unpaid wages as alleged;

**WHEREAS**, Appearing Defendants and Plaintiff mutually wish to reach a compromise of the Civil Action, resolving their disputes without the need for continued costly and protracted litigation;

**WHEREAS**, the Parties understand and agree that Appearing Defendants and any and all present and former affiliated entities, predecessor entities, successor entities and respective present and former owners, principals, shareholders, partners, members, officers, directors, trustees, employees, professional employer organizations, administrators, executors, attorneys, insurers, representatives, fiduciaries, agents, and assigns, individually and in their official capacities, deny each and every assertion of wrongdoing alleged by Plaintiff;

**WHEREAS**, the Parties understand and agree that neither the making of this Agreement, nor anything contained herein shall, in any way, be construed or considered to be an admission by the Appearing Defendants of any liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, prevailing wage law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the

Plaintiff. It is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims, contentions and differences of any kind whatsoever, whether known or unknown, which have been or could have been alleged by the Parties against each other;

**WHEREAS**, Plaintiff, with full assistance and through consultation with counsel, freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Defendants and the full payment due from Defendants as provided for herein;

**WHEREAS**, the Court has made no findings as to the merits of the claims or allegations contained in Plaintiff's Complaint;

**WHEREAS**, the terms and conditions of this Agreement have been explained to the Parties by their counsel;

**NOW THEREFORE**, in consideration of the foregoing, the mutual promises and the Release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged and agreed, the Parties each agree as follows:

1.       Release of Claims. In consideration for the total payment of NINETEEN THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS AND ZERO CENTS ($19,750.00) (the "Settlement Amount") as set forth below, Plaintiff hereby completely, irrevocably and unconditionally does release, waive and forever discharge the Wage and Hour Claims and any and all claims, charges, complaints, judgments, or liabilities of any kind against Defendants, their heirs, executors, administrators, estate, predecessors, successors, assigns, divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities and companies, business units, committees, groups, and their current and former owners, principals, shareholders, partners, members, officers, directors, trustees, employees, attorneys, accountants, insurers, fiduciaries, representatives, and agents thereof both individually and in their business capacities (collectively referred to as "RELEASEES"), whether known or unknown, arising under The Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, the New York Labor Law, as amended (including all regulations and minimum wage orders), the New York Labor Law §§190-198, as amended, the New York Labor Law §§220, *et seq.*, the New York Labor Law §§230, *et seq.*, the New York Wage Hour and Wage Payment Laws, as amended, and the New York Minimum Wage Act, as amended, all claims for breach of contract, compensation or remuneration of any kind, unpaid wages, unpaid overtime, unpaid prevailing wages and supplemental benefits, improper deductions, spread-of-hours pay, split-shift pay, call in pay, vacation pay, holiday pay, severance pay, bonuses, deferred compensation, incentive plans, and any claim for attorneys' fees or costs incurred in pursuing these or any other legal claims against any of the RELEASEES.

2       COURT APPROVAL AND EFFECTIVENESS OF SETTLEMENT

2.1      Motion for Court Approval of FLSA Settlement.

         (A)      On or before July 10,  2018, Plaintiff and Appearing Defendants will file a

Joint Motion seeking an Order approving the settlement of Plaintiffs' Wage and Hour Claims (the "Approval Motion").

(B) In the Approval Motion, the Parties shall request that the Court approve this Settlement as a final, fair, reasonable, adequate, and binding resolution of the Wage and Hour Claims.

(C) If the Court denies the Approval Motion either in part or in its entirety, then the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement, if any. Should such efforts be unsuccessful and/or denied, the Civil Action will proceed as if no settlement had been attempted, and the Parties will retain all of their respective rights in these proceedings.

(D) After the Court's approval of the Agreement, the parties agree to submit a Stipulation of Dismissal that shall provide that the dismissal is with the Court reserving authority to retain jurisdiction to enforce the terms of this Agreement for a period of not longer than 60 days following dismissal. If the Court should dismiss the action prior to the Court approving the Agreement or prior to the payment of the Settlement Amount set forth in Paragraph 3 below becoming due, then the Parties agree to file a joint letter with the Court seeking reinstatement of the action.

3. SETTLEMENT TERMS

3.1 Payment of the Settlement Amount. The Settlement Amount shall be paid as follows: The Settlement Amount shall be paid no later than ten days after the Court approving the Settlement Agreement. If the Settlement Amount is not paid, within this time, the parties agree that this Settlement Agreement will be considered void and the Civil Action will proceed as if no settlement had been reached, and the Parties will retain all of their respective rights in these proceedings.

3.2 The payment shall be made by check delivered to Plaintiff's counsel as follows:

a. Luis Sanchez the gross sum of $12,500, broken down as one check in the amount of $6,250, less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime, back pay and other wages under state and federal law. And, one check in the amount of $6,250, without any withholding or deductions, and representing payment for any alleged emotional pain and suffering, liquidated damages, penalties and interest under state and federal law.

b. Payable as Attorneys' Fees and Costs. From the Settlement Amount, Defendants agree to pay without any withholdings to Plaintiff's Counsel $7,250, which represents reimbursement of attorneys' fees in the amount of $5,950 and $1,400 in costs

3967434                                    4

incurred by Plaintiff in connection with the Civil Action. Plaintiff's attorney shall provide Defendants' attorney a completed and signed Form W-9. The Parties agree no other attorneys' fees and costs to Plaintiffs' attorneys are due or owing in connection with this Civil Action.

4.    Representations and Warranties of Plaintiff. By signing this Agreement, Plaintiff acknowledges and agrees that:

(A)    He has been afforded a reasonable and sufficient period of time for review, for deliberation thereon and for negotiation of the terms of this Agreement, and has been specifically advised to consult with legal counsel or a representative of his choice, had the opportunity to do so and has, in fact, done so by consulting with Plaintiff's Counsel;

(B)    Has read and understands the terms of this Agreement, all of which have been fully explained to him;

(C)    Is not affected by any condition, drug, alcohol or medication that would interfere with or impair his ability to understand this Agreement;

(D)    Has signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder;

(E)    The only consideration for signing this Agreement is the terms stated herein and no other promise, agreement or representation of any kind has been made to Plaintiff by any person or entity whatsoever to cause them to sign this Agreement;

(F)    Has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim in this Civil Action, and has full authority to enter into this Agreement and the release contained above;

(G)    Upon payment of the amounts due pursuant to this Agreement, Plaintiff will have been paid in full for all amounts owed to them by the Defendants for their time spent working in service of Mamajuana Cafe and Plaintiff is owed no other amounts or forms of compensation, including, but not limited to, any wages, overtime, minimum wage, prevailing wages, supplemental benefits, spread-of-hours pay, split-shift pay, call in pay, vacation pay, holiday pay, accrued benefits, severance, bonus, tips, and/or commission from Defendants.

5.    The Parties acknowledge that the RELEASEES do not admit that they have done anything wrong or treated Plaintiff unlawfully. The Parties acknowledge that Defendants agreed to this Agreement with the understanding that the terms have been reached because this

settlement will: (i) avoid the further expense of costly and protracted litigation; and (ii) put the claims in this Civil Action to rest. Nothing in this Agreement shall be deemed or read as an admission by any RELEASEE of liability or damages.

6.     If any provision of this Agreement is held by a court of competent jurisdiction to be illegal, void or unenforceable, such provision shall have no effect; however, the remaining provisions shall be enforced to the maximum extent possible.

7.     Plaintiff agrees to not make any oral or written communication of a false or defamatory nature to any person or entity which disparages Defendants in any way. A breach of this provision shall not relieve any party of their obligations under any other provision of this Agreement, but shall entitle Defendants to compensatory damages.

8.     Plaintiff represents and warrants that he has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or portion thereof or interest therein, including, but not limited to, any interest in the Civil Action.

9.     Enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the state of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

10.    No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment subject to Court approval, if necessary.

11.    This Agreement shall be binding upon, and inure to the benefit of the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

12.    The Parties have negotiated and mutually drafted all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties entering into this Agreement, unless otherwise expressly stated.

13.    The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval to this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

14.    The Parties agree to have the Court and the assigned District Court Judge, as well as any assigned Magistrate Judge, retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

15.    This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

16. In any interpretation of this Agreement the masculine, feminine or neutral pronouns, respectively, shall include the other genders.

17. The Parties agree that should there be any ambiguity with respect to the interpretation of this Agreement, no inference will be drawn against either party as the drafter of this Agreement. The Agreement will be interpreted by the trier of fact, without regard to the identity of the drafter of the Agreement or any of its terms or provisions.

18. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Civil Action. This provision does not preclude any party from seeking reasonable costs, attorneys' fees and interest in the event there is a material breach of this Agreement.

19. If either party files a lawsuit, court pleading or arbitration to enforce the terms of this Agreement, and this results in a recovery of damages for either party as against another party or otherwise results in a finding of liability against a party, the prevailing party shall have the right to collect from the non-prevailing party reasonable costs, necessary disbursements and attorneys' fees incurred in connection with enforcing the Agreement.

20. This Agreement may be executed in counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page was an original thereof.

21.    INTENTIONALLY OMITTED

22.    This Agreement supersedes all prior agreements or understandings of any kind, whether oral and written, and represents the entire Agreement of the Parties. This Agreement is intended to memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the Parties to this Agreement. This Agreement represents the entire understanding of the Parties with respect to the subject matter hereof.

**THEREFORE,** the Parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: June 2 9 , 2018

LUIS SANCHEZ

LUIS SANCHEZ

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF BRONK      )

On June 29, 2018 before me personally came to me LUIS SANCHEZ, known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that she executed the same.

Notary Public

CHITANSHU VORA
Notary Public, State of New York
No. 01VO6306240
Qualified in Bronx County
Commission Expires June 16, 2022

3967434                                    8

**CHERRY LANE PARTNERS, LLC**

STATE OF NEW YORK )
                    ) ss.:
COUNTY OF Suffolk )

VICTORIA BACHIR
Notary Public - State of New York
NO. 01BA6185578
Qualified in Suffolk County
My Commission Expires Feb 27, 2020

On June 18, 2018 before me personally came to me ~~Jeffney~~ ~~Avino~~ , known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that she executed the same.

DENNIS MOHABIR
NOTARY PUBLC-STATE OF NEW YORK
No. 01MO4949938
Qualified In Bronx County
My Commission Expires ___

**BABALU LLC**

STATE OF NEW YORK )
                    ) ss.:
COUNTY OF )

On June___, 2018 before me personally came to me William Avila , known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that she executed the same.

**CARLOS REVELO**

CARLOS REVELO

STATE OF NEW YORK )
                    ) ss.:
COUNTY OF Bronx )

On June 26, 2018 before me personally came to me CARLOS REVELO, known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that she executed the same.

3967434                    9

**WILLIAM PADILLA**

WILLIAM PADILLA

KATHLEEN COCCARO
Notary Public - State of New York
NO. 01CN60?2266
Qualified in Bronx County
My Commission Expires 3/2?/19

STATE OF NEW YORK )
                           ) ss.:
COUNTY OF Bronx )

On June 21st, 2018 before me personally came to me WILLIAM PADILLA, known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that she executed the same.

**JEFFREY LAVINO**

JEFFREY LAVINO

VICTORIA BACHIR
Notary Public - State of New York
NO. 01BA6185578
Qualified in Suffolk County
My Commission Expires Feb 27 2020

STATE OF NEW YORK )
                           ) ss.:
COUNTY OF )

On June 15, 2018 before me personally came to me JEFFREY LAVINO, known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that she executed the same.

**VICTOR OSORIO**

VICTOR OSORIO

STATE OF NEW YORK )
                           ) ss.:
COUNTY OF )

On June 25, 2018 before me personally came to me VICTOR OSORIO, known to me to be the individual described in, and who executed the foregoing Negotiated Settlement Agreement and Release, and duly acknowledged to me that she executed the same.

3967434                    10

## Acknowledgement Form

State of  New York  )

)ss.:

County of  New York  )

On the  25th  day of  June  in the year 2018, before me, the undersigned notary
public, personally appeared  Victor Osorio  , personally known  to me or proved
to me on the basis of satisfactory evidence to be  the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that  he/she/they executed the same
in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the
individual(s), or the person upon behalf of which the individual(s) acted, executed the
instrument.

_____ Notary Public

HAYDEE BURGOS
Notary Public - State of New York
NO. 01BU6209985
Qualified in New York County
My Commission Expires 8\10\21